# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTY L. JANCIGA,  Civil Action No. _____21-82_____

    Plaintiff,

v.

COUNTY OF CAMBRIA and

    Defendant.  JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Christy L. Janciga, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I.  Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.0 §§1343(a)(3) and (a)(4) and 1331.

### II.  Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Cambria County.

### III.  Administrative Exhaustion

3. Janciga has satisfied all procedural and administrative requirements set forth in 42 U.S.C. § 2000e-5, as amended, and 42 U.S.C. §12102, *et seq.* in that:

    a. On or about June 9, 2020, Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC) alleging harassment and discrimination based on her sex and race.

      b.      On or about June 9, 2020, Plaintiff cross-filed her claims with the Pennsylvania Human Relations Commission (PHRC).

      c.      On March 9, 2021, Plaintiff received a Dismissal and Notice of Rights dated March 5, 2021.

      d.      This case was filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## IV. Parties

4. Plaintiff, Christy L. Janciga, is an individual who resides in Cambria County, Pennsylvania.

5. Defendant, County of Cambria ("Defendant County") is a political subdivision of the Commonwealth of Pennsylvania with its principal offices located at 401 Candlelight Drive, Suite 239, Ebensburg, Pennsylvania 15931.

6. At all times relevant hereto, Defendant County is an employer within the meaning of 42 U.S.C. § 2000e(b), in that it is engaged in an industry affecting interstate commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

7. At all times relevant hereto, Defendant County acted or failed to act by and through their duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Factual Background

8. Janciga is a Caucasian female and the mother of a bi-racial child.

9. Janciga started working for Defendant County in the Department of Emergency Services on December 2, 2019 and held the position of 911 Telecommunicator.

10. Throughout her employment, Janciga was subjected to a racially and sexually hostile work environment on a regular basis.

11. Examples of the racially and sexually hostile work environment include, but are not limited to, the following:

    a. On December 9, 2019, Trainee Taylor Amsdell stated in the presence of Training Supervisor Tom Davis during a training session, "I am not a racist. I have a fucking color TV;"

    b. On January 6, 2020 Defendant's third-party Trainor stated, "You always know it's a good fight when you pull up and there are weaves and dreads laying in the street" as the opening to her training session for Janciga and other trainees;

    c. On January 29, 2020, Trainor/Telecommunicator Brody Lawrence stated in the presence of Trainer/Telecommunicator Adam Jeske, "Answer your fucking phone you fucking jigaboo" regarding a black probation/parole officer;

    d. In February 2020, Shift Supervisor Courtney Maines told Janciga that she did not know how to convince her husband to eat more chicken even when she offered to give her husband "5 extra blow jobs a month";

    e. On February 25, 2020, Training Supervisor Tom Davis and Shift Supervisor Courtney Maines denying Janciga a lunch break because she went to the restroom twice during her shift to attend to a feminine hygiene matter;

    f. On March 2, 2020, Shift Supervisor Courtney Maines joked about the social media platform SnapChat by saying "SnatchChat" in the presence of Janciga and Trainer/Telecommunicator Brody Lawrence;

    g. On March 4, 2020, Janciga discovered a loose blue pill under her keyboard and reported the matter to Shift Supervisor Courtney Maines, who responded by joking to Trainer/Telecommunicator Brody Lawrence by saying, "It's a little blue pill. You should take it and see what happens";

3

  h. On March 16, 2020, Trainer/Telecommunicator Brody Lawrence, Shift Supervisor Courtney Maines, Trainer/Telecommunicator Lynn Kuzma and Trainer/Telecommunicator Anna Rogers discussed anal sex in Janciga's presence;

  i. On March 16, 2020. Trainer/Telecommunicator Brody Lawrence asked Shift Supervisor Courtney Maines and the female Trainer/Telecommunicators, Lynn Kuzma and Anna Rogers, in addition to Janciga to "stick a finger in [his] ass";

  j. In mid to late March 2020, Trainer/Telecommunicator Adam Jeske stated while laughing in response to the comment immediately above, "Shut the fuck up before I fucking sexually assault you" to an openly gay female employee immediately before they began tussling directly behind Janciga's chair;

  k. In March 2020, Shift Supervisor Courtney Maines yelled out loud to Trainer/Telecommunicator Adam Jeske, "Adam, what the fuck are you laughing at? What the fuck do you know about pussy?" in the presence of Janciga, Trainer/Telecommunicator Brody Lawrence and Trainer/Telecommunicator Anna Rogers; and

  l. On a regular basis, Shift Supervisor Courtney Maines said "relax and learn to open your throat and swallow" in Janciga's presence.

12. Most of the racially and sexually offensive comments to which Janciga was subjected occurred in the presence of Janciga, Janciga's supervisors, including Training Supervisor Tom Davis, Shift Supervisor Courtney Maines, Trainer/Telecommunicator Adam Jaske, Trainer/Telecommunicator Brody Lawrence, Trainer/Telecommunicator Lynn Kuzma and Trainer/Telecommunicator Anna Rogers.

13. On February 26, 2020, Janciga complained about the above racial and sexual harassment to Deputy Director Robbin Melnyk.

4

14. Deputy Director Robbin Melnyk's response was, "Try harder."

15. On March 24, 2020, Janciga made a second complaint to Deputy Director Robbin Melnyk.

16. Deputy Director Robbin Melnyk's response was, "Maybe you are just not tough enough for a job like this".

17. Despite Janciga's complaints, the offensive racial and sexual harassment still continued.

18. On March 31, 2020, Janciga made a third complaint to Deputy Director Robbin Melnyk.

19. Deputy Director Robbin Melnyk's response was, "You need to think about if this is the right place for you".

20. During their March 31, 2020 meeting, Deputy Director Robbin Melnyk explained that another employee was pushed out of the department "with the help of HR" because of multiple write-ups and told Janciga that she would be terminated if she received six write-ups in a year in a manner that conveyed a threat to Janciga that she would be disciplined if she continued to complain about the illegal work environment.

21. On March 31, 2020, Deputy Director Robbin Melnyk also told Janciga, "People don't think that I know what goes on in there; I know exactly what goes on in there."

22. Deputy Director Robbin Melnyk denied Janciga's repeated requests for a platoon reassignment so she could avoid being subjected to offensive racial and sexual harassment, even though Deputy Director Robbin Melnyk granted requests for reassignment from the other six trainees who were in Janciga's training group.

23. On March 31, 2020, immediately after Janciga left Deputy Director Melnyk's office, Deputy Director Melnyk had a hushed conversation with Shift Supervisor Courtney Maines. Trainer/Telecommunicator Brody Lawrence asked Shift Supervisor Courtney Maines what their conversation involved. Shift Supervisor Courtney Maines whispered to Trainer/Telecommunicator Brody Lawrence.

24. During that time, Janciga took a call that she needed guidance on how to handle. Janciga asked Shift Supervisor Courtney Maines, who was Janciga's evaluator, for guidance.

25. Trainer/Telecommunicator Brody Lawrence responded, "What the fuck do you need now?" while Shift Supervisor Courtney Maines said in an annoying tone, "Christy, what do you need?"

26. Defendant's racial and sexual harassment of Janciga compromised her training to be a competent and proficient 911 Telecommunicator.

27. Defendant constructively discharged Janciga on April 1, 2020.

### Count I – Race Harassment – Title VII

28. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 27 as if fully restated herein.

29. Defendant's actions directed to Janciga created a racially hostile work environment.

30. The racial harassment of Janciga was intentional and offensive to Janciga because she is Caucasian and has a bi-racial child.

31. The racial harassment of Janciga was severe or pervasive in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her

race and her association with her bi-racial child.

32. The racial harassment, through Defendant's agents, servants, and employees, detrimentally affected Janciga.

33. Defendant's actions, through its agents and servants, as set forth above, would detrimentally affect a reasonable individual in Janciga's position.

34. Defendant either knew or should have known of the existence of a racially hostile environment.

35. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and to stop the conduct.

36. Defendant's actions affected Janciga in the terms and conditions of her employment because she is Caucasian and has a bi-racial child in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

37. Defendant acted intentionally and in reckless indifference to Janciga's federally protected right to not be subjected to unwelcome and unwanted conduct of a racial nature.

38. Defendant's actions as set forth above culminated in Janciga's constructive discharge on April 1, 2020.

39. As a direct and proximate result of Defendant's illegal harassment, Janciga suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Janciga into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Janciga for the full value of wages she would have received had it not been for Defendant's illegal treatment of Janciga, with interest until the date Janciga is offered employment into a position substantially equivalent to the one which Janciga occupied on April 1, 2020;

c. That Defendant be required to provide Janciga with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Janciga for lost benefits, including profit sharing and/or pension benefits until Janciga's normal retirement date;

e. That Janciga be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Janciga in any manner prohibited by Title VII;

g. That Janciga be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h. That Janciga be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II – Sex Harassment – Title VII

40. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 39 as if fully restated herein.

41. Defendant's actions directed to Janciga created a sexually hostile work environment.

42. The sexual harassment of Janciga was intentional and offensive to Janciga

8

because of her sex, female.

43. The sexual harassment of Janciga was severe or pervasive in that she was repeatedly subjected to offensive, hostile and derogatory work conditions because of her sex, female.

44. The sexual harassment, through Defendant's agents, servants, and employees, detrimentally affected Janciga.

45. Defendant's actions, through its agents and servants, as set forth above, would detrimentally affect reasonable an individual in Janciga's position.

46. Defendant either knew or should have known of the existence of a sexually hostile environment.

47. Despite such knowledge, Defendant failed to take prompt and adequate remedial action to prevent and to stop the conduct.

48. Defendant's actions affected Janciga in the terms and conditions of her employment because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

49. Defendant acted intentionally and in reckless indifference to Janciga's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

50. Defendant's actions as set forth above culminated in Janciga's constructive discharge on April 1, 2020.

51. As a direct and proximate result of Defendant's illegal harassment, Janciga suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost

career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Janciga into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Janciga for the full value of wages she would have received had it not been for Defendant's illegal treatment of Janciga, with interest until the date Janciga is offered employment into a position substantially equivalent to the one which Janciga occupied on April 1, 2020;

c. That Defendant be required to provide Janciga with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Janciga for lost benefits, including profit sharing and/or pension benefits until Janciga's normal retirement date;

e. That Janciga be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Janciga in any manner prohibited by Title VII;

g. That Janciga be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h. That Janciga be granted such further legal and equitable relief as the Court may deem just and proper.

### **Count III – Race Retaliation – Title VII**

52. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 51, as if fully restated herein.

53. Janciga opposed unwelcome racist comments and conduct, which she in good faith believed were illegal conduct under federal and state anti-discrimination laws.

54. Janciga complained about the unwelcome racial comments and conduct to various members of Defendant's management.

55. Defendant ignored Janciga's complaints of racial harassment.

56. Defendant constructively discharged Janciga and refused to transfer her in retaliation for her protected activity.

57. As a direct and proximate result of Defendant's illegal retaliation, Janciga suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

    a. That Defendant be ordered to reinstate Janciga into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b. That Defendant be required to compensate Janciga for the full value of wages she would have received had it not been for Defendant's illegal treatment of Janciga, with interest until the date Janciga is offered employment into a position substantially equivalent to the one which Janciga occupied on April 1, 2020;

    c. That Defendant be required to provide Janciga with front pay if the Court determines reinstatement is not feasible;

    d. That Defendant be required to compensate Janciga for lost benefits, including profit sharing and/or pension benefits until Janciga's normal retirement date;

11

    e.    That Janciga be awarded compensatory damages in an amount to be determined at trial;

    f.    That Defendant be enjoined from discriminating or retaliating against Janciga in any manner prohibited by Title VII;

    g.    That Janciga be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

    h.    That Janciga be granted such further legal and equitable relief as the Court may deem just and proper.

### Count IV – Sex Retaliation – Title VII

58. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 57, as if fully restated herein.

59. Janciga opposed unwelcome sexist comments and conduct, which she in good faith believed were illegal conduct under federal and state anti-discrimination laws.

60. Janciga complained about the unwelcome sexual comments and conduct to various members of Defendant's management.

61. Defendant ignored Janciga's complaints of sexual harassment.

62. Defendant constructively discharged Janciga and refused to transfer her in retaliation for her protected activity.

63. As a direct and proximate result of Defendant's illegal retaliation, Janciga suffered severe humiliation, inconvenience, mental distress, embarrassment, and like conditions as well as a loss of income and fringe benefits, loss of reputation and lost career opportunities.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That Defendant be ordered to reinstate Janciga into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Janciga for the full value of wages she would have received had it not been for Defendant's illegal treatment of Janciga, with interest until the date Janciga is offered employment into a position substantially equivalent to the one which Janciga occupied on April 1, 2020;

c. That Defendant be required to provide Janciga with front pay if the Court determines reinstatement is not feasible;

d. That Defendant be required to compensate Janciga for lost benefits, including profit sharing and/or pension benefits until Janciga's normal retirement date;

e. That Janciga be awarded compensatory damages in an amount to be determined at trial;

f. That Defendant be enjoined from discriminating or retaliating against Janciga in any manner prohibited by Title VII;

g. That Janciga be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee;

h. That Janciga be granted such further legal and equitable relief as the Court may deem just and proper.

Case 3:21-cv-00025-RG Document 31 Filed 05/03/21 Page 13 of 14

Respectfully submitted:

_____
Colleen Ramage Johnston
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

Johnston Lykos, LLC
525 William Penn Place
28th Floor
Pittsburgh, PA 15219
(412) 325-7700

Attorneys for Plaintiff
Christy L. Janciga

14